**SO ORDERED.**

**SIGNED this 30th day of July, 2024.**



_____
Mitchell L. Herren
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION ONLY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>**NEDRA DENISE TAYLOR,**<br><br>     Debtor. | Case No. 22-10819<br>Chapter 7 |
| **DARCY D. WILLIAMSON, Chapter 7 Trustee,**<br><br>     Plaintiff,<br>vs.<br><br>**NEDRA DENISE TAYLOR,**<br><br>     Defendant. | Adv. No. 23-5033 |

**ORDER DENYING IN PART AND GRANTING IN PART CHAPTER 7
TRUSTEE'S AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. 18)**

In her amended motion for default judgment against pro se defendant-debtor

(Debtor), the Chapter 7 trustee seeks a judgment in the amount of $3,268.33 for the

1

estate's share of Debtor's 2022 tax refund, plus Debtor's unknown bank balances on the date of filing the bankruptcy petition that Debtor failed to deliver to the trustee. The trustee also seeks to revoke Debtor's discharge under § 727(d)(2) for Debtor's failure to deliver the above property to the trustee.[1]

Debtor filed her chapter 7 case on September 28, 2022 and was granted a discharge under § 727 on January 3, 2023.

Some nine months later, on October 17, 2023, the trustee commenced this adversary proceeding by filing a complaint seeking "turnover of funds and to deny discharge," after Debtor failed to turn over property of the estate despite numerous requests and demands by the trustee.[2] Debtor was duly served with the complaint, but failed to appear, answer, or respond. On January 30, 2024, a clerk's entry of default was entered pursuant to Fed. R. Civ. P. 55(a), as incorporated by Fed. R. Bankr. P. 7055.[3]

The trustee then filed her first motion for default judgment and *denial* of discharge and served Debtor with the motion.[4] The Court set the motion for hearing on March 14, 2024, and Debtor failed to appear. The Court denied without prejudice the trustee's motion for default judgment because the Debtor had already received a discharge and, therefore, a denial of discharge was not the appropriate

---

[1] Adv. Doc. 18.
[2] Adv. Doc. 1.
[3] Adv. Doc. 11.
[4] Adv. Doc. 14.

relief. The Court allowed the trustee to file an amended motion for default judgment asking for *revocation* of the discharge.[5]

On April 23, 2024 the trustee filed this Amended Motion for Default and to Revoke Discharge pursuant to § 727(d)(2) that is before the Court today. The trustee served the Debtor with the Amended Motion and Notice of Objection Deadline on the Amended Motion by first class mail.[6] Because Debtor did not file an objection or response to the Amended Motion, no further hearing was held.

The trustee then submitted a proposed order that refers to her complaint as one "to Deny Debtor's Discharge and for Turnover of Property . . ." The amended motion also states that a "Complaint to Deny Debtor's Discharge . . . pursuant to 11 U.S.C. § 727(d)(2)" was filed, and in the last paragraph, continues to pray for "denial of Debtor's discharge pursuant to 11 U.S.C. § 727(d)(2)."  However, subsection 727(d) addresses the grounds to *revoke* a "discharge granted under subsection (a)."  Subsection 727(a) deals with *denial* of a discharge. Subsections (a) and (d) are mutually exclusive, except for § 727(d)(3), which incorporates § 727(a)(6) (refusal to obey a lawful order of the court), as a ground for revocation of a discharge.

With this backdrop, the Court returns to the trustee's adversary complaint and more closely examines that pleading.[7] This is required because under Fed. R.

---

[5] Adv. Doc. 17.
[6] Adv. Docs. 18, 19.
[7] *See In re Hernandez,* 2014 WL 2609795, at *2 (Bankr. D. Colo. June 11, 2014) (requiring the court to examine the legal basis for the relief requested before granting default judgment and requiring a sufficient basis in the pleadings for the judgment entered).

3

Civ. P. 54(c) the Court cannot grant relief by default judgment that differs in kind from that demanded in the pleadings.[8] The complaint was titled "Complaint for Turnover of Funds and to *Deny* Discharge" (emphasis added). Count I alleged a claim for turnover of the tax refunds and funds in Debtor's bank accounts. Count II alleged that Debtor violated her duty to cooperate with the trustee and surrender all property of the estate and any recorded information related to property of the estate and that her discharge should be *denied* "[p]ursuant to 11 U.S.C. § 727(a)(2)(B), (a)(4)(D), (a)(5), and (d)(2)." The prayer of the complaint requested that Debtor's discharge be *denied* under all of the same provisions of § 727.

All of the complaint's cited provisions of § 727 are applicable to a denial of discharge, except for § 727(d)(2). Although subsection (d)(2) pertains to a revocation of discharge, the word "revocation" or "revoke" appears nowhere in the complaint. It does not note that Debtor's discharge had been granted nine months before the complaint was filed, so reading the complaint did not make it clear that this was a revocation case under § 727(d), rather than a denial of discharge under § 727(a).

Although all of this concern by the Court may appear to be much ado about nothing, ultimately, the Court can only grant default judgment for what is sufficiently pled and requested *in the complaint,* and the complaint must provide clear notice to the debtor of the relief sought.[9] Here, the complaint did not provide

---

[8] *See* Fed. R. Civ. P. 54(c) as incorporated in adversary proceedings by Fed. R. Bankr. P. 7054(a); Wright, Miller & Kane, 10 Fed. Prac. & Proc. Civ. § 2663 (4th ed. June 2024 update) (explaining the theory behind Rule 54(c): ". . . the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action.").

[9] *See Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank,* 5515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered."); *Crossland*

4

clear notice to the Debtor that the trustee was seeking to revoke her discharge that had been entered nine months earlier. As a result, the Debtor may have assumed the portion of the complaint seeking denial of discharge was already moot since she already had a discharge. This could lead to a lack of incentive to appear and defend her existing discharge.[10] The revocation of a debtor's discharge, especially a debtor not represented by counsel, is a weighty matter and the Court wants any pleading seeking such relief to very clearly put a debtor on appropriate notice.[11]

Accordingly, the trustee's amended motion for default judgment to revoke Debtor's discharged is DENIED. To the extent the trustee wishes to pursue

---

*Construction Co., Inc. v. KC Contractors, Inc.,* 2019 WL 12093786, at *3 (D. Kan. Dec. 17, 2019) (concluding that the third-party complaint sought damages related to the Hudson project only, and default judgment for damages related to the Burlington project would not be granted).

[10] *Stafford v. Jankowski,* 338 F. Supp. 2d 1225, 1228 (D. Kan. 2004) ("The complaint serves notice on a defendant of the relief sought by a plaintiff, and a defendant is thereby able to decide whether to defend the action or accept a default judgment.").

[11] The Court has considered language in the Tenth Circuit *Midkiff* case, a chapter 13 case where the trustee sought to temporarily set aside a discharge entered by mistake under Bankruptcy Rule 9024 to allow the trustee to administer debtors' income tax refund in accordance with the plan. The court distinguished a revocation of discharge from an order vacating the discharge, and in doing so, equated a revocation of discharge to a denial of discharge.

> If the Bankruptcy Court had wanted to "revoke" the discharge, it presumably knew how to use that word, which appears prominently in the Bankruptcy Code. Indeed, revocation involves far more than temporarily setting aside a discharge. "[R]evocation of discharge ... has the same effect as a denial of discharge. 'The revocation of a discharge makes the discharge a nullity ...' The result then in either revocation or denial of discharge is obviously that the bankrupt does not receive a discharge." *In re Hairston,* 3 B.R. 436, 438 (Bankr.N.M.1980) (quoting 1A *Collier on Bankruptcy,* § 15.14, at 1514 (14th ed.1978)). *Midkiff v. Stewart (In re Midkiff),* 342 F.3d 1194, 1199 (10th Cir. 2003).

While this quoted language arguably supports Fed. R. Civ. P. 54(c)'s requirement that a default judgment not differ in kind from what is demanded in the pleadings, the *Midkiff* court was not addressing Rule 54(c) or a default judgment. *See In re Keswani,* 2021 WL 1940802, at *8-9 (Bankr. S.D. N.Y. May 13, 2021) (after denying default judgment on § 727(a)(3) claim pled in the amended complaint, Rule 54(c) barred plaintiffs from obtaining a default judgment under § 727(a)(7) raised for the first time in the motion for default judgment); *Mantz v. Rapid Resources, Inc.,* 2022 WL 17717164, at *2 (D. Kan. July 1, 2022) (discrepancy between the complaint and plaintiff's motion for default judgment precluded entry of default judgment).

5

revocation of Debtor's discharge under § 727(d), the trustee is granted leave to amend the complaint to allege a cause of action for revocation within fourteen(14) days of entry of this Order and properly serve the amended complaint on Debtor. The trustee's amended motion for default judgment on the turnover claim is GRANTED in part. A judgment will be granted against Debtor in the amount of $3,268.33 for the estate's share of Debtor's 2022 tax refund that Debtor failed to turn over to the trustee, plus the costs of this action in the amount of $350, together with interest thereon at the legal rate until the judgment is paid. With respect to the turnover claim for the unknown amount of funds in the Debtor's bank accounts on the date of the petition, the Court will issue a separate order setting that part of the trustee's amended motion for default judgment for hearing pursuant to Fed. R. Civ. P. 55(b)(2) for the trustee to establish a sum certain or liquidated amount.

    IT IS SO ORDERED.

### #